ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   U.S. Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6528
   Facsimile: (213) 894-7177
   E-Mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>$1,573,099.93 IN BANK ACCOUNT FUNDS, ET AL.,<br><br>      Defendants. | CV 06-1971 SJO(AJWx)<br><br>**CONSENT JUDGMENT OF FORFEITURE AS TO CLAIMANT ROBERT TRINGHAM ONLY**<br>**[This consent judgment is not case-dispositive but does resolve the claims of one claimant.]** |

    This action was filed on March 31, 2006.  Plaintiff seeks forfeiture of various assets, $1,573,099.93 in bank account funds and $52,269.09 as a substitute res for a 2006 Land Rover Ranger (the "defendant assets").  Notice was given and published

1

1 in accordance with law.  On May 23, 2006, a First Amended
2 Complaint was filed.  On July 5, 2006, Hui Cindy Wang ("Wang"),
3 as a pro se, filed a claim to the defendant $52,269.09 as a
4 substitute res for a 2006 Land Rover Range Rover.[1]  Robert
5 Tringham ("Tringham"), who was formerly the president and owner
6 of First National Ban Corp. ("FNBC") and First Asset Management
7 Corp. ("FAMC"), also filed a claim to all the defendant assets
8 on July 5, 2006.  Plaintiff filed a Second Amended Complaint on
9 November 8, 2007.  On April 18, 2008, Tringham, FNBC and FAMC,
10 through counsel, filed claims and an answer to the Second
11 Amended Complaint.  On or about January 13, 2012, Robb Evans &
12 Associates LLC ("Robb Evans"), the receiver of Finbar Securities
13 Corp. ("Finbar")[2] filed a claim and answer to the Second Amended
14 Complaint because FNBC and FAMC were believed to be subsidiaries
15 or affiliates of Finbar.  No other claims or answers have been
16 filed, and the time for filing claims and answers has expired.
17 Plaintiff and Tringham have reached an agreement that is
18 conditionally dispositive of the government's claims against
19 Tringham's interest in this action, and hereby request that the
20 Court enter this Consent Judgment of Forfeiture.

---

[1] On July 2, 2012, on motion of the government, the court struck the claim of Wang and entered her default because she failed to file an answer or otherwise defend her interests in this action.

[2] The Receiver was appointed pursuant to the Preliminary Injunction and Judgment of Permanent Injunction issued in the case of <u>Securities and Exchange Commission v. Finbar Securities Corp. and Robert Tringham, et al.</u>, filed in the U.S. District Court for the Central District of California, CV 09-2325 ODW(VBKx).  Pursuant to that litigation, the Receiver was appointed as receiver over Finbar and its affiliates and subsidiaries.  FNBC and FAMC are believed to be two such affiliates and/or subsidiaries of Finbar.

Pursuant to this agreement, the government will recommend to the United States Attorney General that any defendant assets ultimately forfeited to the government be made available for distribution on a pro rata basis to any victim and/or investor in various investment programs established by Tringham, as part of the restoration and/or remission process commonly utilized by the Department of Justice, Asset Forfeiture Money Laundering Section, in cases involving the seizure and forfeiture of proceeds of fraud crimes.  The government will further recommend that Tringham be given credit toward his criminal restitution obligation for any restoration and/or remission paid by the Department of Justice to any victim listed in Tringham's criminal restitution order as entered in <u>United States v. Robert Tringham</u>, CR 09-00490 SJO.

This agreement is conditioned upon Tringham's criminal conviction in <u>United States v. Robert Tringham</u>, CR 09-00490 SJO, being upheld on appeal.  If such conviction is affirmed on appeal, this agreement shall become final.  If such conviction is reversed on appeal or otherwise vacated, this agreement shall be void and the government shall be entitled to resume its forfeiture action as to Tringham's interests in the defendant assets and Tringham shall be entitled to resume his defense of any claim to the defendant assets.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Notice of this action has been given in accordance with law.  All potential claimants to the defendant assets other

than claimants Tringham, FNBC, FAMC and Robb Evans are deemed to have admitted the allegations of the Amended Complaint. The allegations set out in the Second Amended Complaint are sufficient to establish a basis for forfeiture.

3. The sole claimants to the defendant assets are Tringham, FNBC, FAMC and Robb Evans. Tringham, individually and as owner of FNBC and FAMC, has the legal right to abandon, withdraw any claim, and consent to the forfeiture or other appropriate disposition of all or any portion of his individual interest in the defendant assets.

4. Tringham hereby withdraws his claim to the defendant assets, plus any accrued interest on the defendant assets. Accordingly, Tringham's interest in the defendant assets, plus any accrued interest on the defendant assets, shall be disposed of in accordance with law at the conclusion of this litigation without further notice to Tringham.

5. Tringham hereby releases the United States of America, its agencies, agents, officers and attorneys, including employees and agents of the Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the seizure of the defendant assets and the commencement of this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of Tringham, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6. The court finds that there was reasonable cause for the seizure of the defendant assets and institution of these proceedings. This judgment shall be construed as a certificate

of reasonable cause pursuant to 28 U.S.C. § 2465.

    7.  The parties shall each bear their own costs and attorneys' fees in this action.

    8.  The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

Dated: September 19, 2012

*S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: September 14, 2012    ANDRÉ BIROTTE JR.
    United States Attorney
    ROBERT E. DUGDALE
    Assistant United States Attorney
    Chief, Criminal Division
    STEVEN R. WELK
    Assistant United States Attorney
    Chief, Asset Forfeiture Section

    /s/ P. Greg Parham
    P. GREG PARHAM
    Assistant United States Attorney

    Attorneys for Plaintiff
    United States of America

DATED: September 14, 2012    Byrne & Nixon LLP

    /s/ Mark A. Byrne
    MARK A. BYRNE
    Attorneys for Claimant
    Robert Tringham

DATED: September 14, 2012    /s/ Robert Tringham
    ROBERT TRINGHAM