ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
California Bar Number 149883
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   U.S. Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6166
   Facsimile: (213) 894-7177
   E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  vs.<br><br>$1,573,099.93 IN BANK ACCOUNT FUNDS, ET AL.,<br><br>       Defendants. | CV 06-1971 SJO(AJWx)<br><br>**FINAL CONSENT JUDGMENT OF FORFEITURE**<br><br>**[This consent judgment is case-dispositive.]** |

    Plaintiff commenced three civil in rem forfeiture actions now pending in the United States District Court for the Central District of California: (1) <u>United States of America v.</u>

$1,573,099.93, Case No. CV 06-1971 SJO (AJWx); (2) <u>United States of America v. $35,000 in U.S. Funds, et al.</u>, Case No. CV 07-0107 SJO (AJWx) (these two actions are collectively referred to as the "Monetary Actions"); and (3) <u>United States of America v. Real Property Located in Diamond Bar, California (Tringham)</u>, Case No. CV 06-0609 SJO (AJWx) ("Diamond Bar Action"). (The Monetary Actions and the Diamond Bar Action are collectively referred to as the "In Rem Actions.")

This instant action was filed on March 31, 2006. Plaintiff seeks forfeiture of $1,573,099.93 in bank account funds and $52,269.09 as a substitute res for a 2006 Land Rover Ranger (the "defendant assets"). Notice was given and published in accordance with law. On May 23, 2006, a First Amended Complaint was filed. Docket Number ("DN") 8. On July 5, 2006, Hui Cindy Wang ("Wang")[pro se] filed a claim to the defendant $52,269.09 as a substitute res for a 2006 Land Rover Range Rover.[1] Robert Tringham ("Tringham"), who was formerly the president and owner of First National Ban Corp. ("FNBC") and First Asset Management Corp. ("FAMC"), also filed a claim to all the defendant assets on July 5, 2006. DN 11. Plaintiff filed a Second Amended Complaint on November 8, 2007. DN 41. On April 18, 2008, Tringham, FNBC and FAMC, through counsel, filed claims and an answer to the Second Amended Complaint. DN 47-50. On or about January 13, 2012, Robb Evans & Associates LLC ("Robb Evans"), the receiver of Finbar Securities Corp. ("Finbar")

---

[1] On July 2, 2012, on motion of the government, the court struck the claim of Wang and entered her default because she failed to file an answer or otherwise defend her interests in this action. DN 107.

2

filed a claim and answer to the Second Amended Complaint because FNBC and FAMC were believed to be subsidiaries or affiliates of Finbar.[2]  DN 86-87.  On September 19, 2012, a Consent Judgment of Forfeiture as to Tringham was entered, resolving the claims of Tringham.  DN 113.  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Plaintiff and Receiver have reached an agreement that is dispositive of the remaining claims in this action, and have requested that the Court enter this Consent Judgment of Forfeiture.

The government has alleged that Tringham conducted fraudulent schemes in the names of FNBC.  Tringham also used entities named First Asset Management Corporation ("FAMC"), Colony Mortgage Banc ("CMB") and Capital Ban Corp ("CBC").  Victims of Tringham's fraudulent schemes perpetrated in the names of or through FNBC, FAMC, CMB and CBC are collectively referred to as the "Non-Finbar Victims."  Victims of Tringham's fraudulent schemes perpetrated in the name of Finbar are referred to as the "Finbar Victims."

Tringham was arrested, convicted and sentenced to prison in connection with one or more of the fraudulent schemes

---

[2] The Receiver was appointed pursuant to a Preliminary Injunction and Judgment of Permanent Injunction issued on April 13, 2009 in Securities and Exchange Commission v. Finbar Securities Corp. and Robert Tringham, et al., CV 09-2325 ODW(VBKx).  Pursuant to that litigation, the Receiver was appointed as receiver over Finbar and its affiliates and subsidiaries.  FNBC and FAMC are believed to be two such affiliates and/or subsidiaries of Finbar.

perpetuated in the names of or through Finbar, FNBC, FAMC, CMB and CBC.

Plaintiff and the Receiver have engaged in extensive and lengthy negotiations in an effort to resolve their disputes and differences.  These negotiations have, from time to time, included the Asset Forfeiture and Money Laundering Section of the Department of Justice in Washington, D.C ("AFMLS") and the Securities and Exchange Commission ("SEC").  AFMLS agreed to undertake a non-binding victim remission and restoration process ("Claims Process") whereby, among other things, AFMLS reviewed and approved the proposed allowed claims for all Finbar Victims and Non-Finbar Victims to be paid from the Defendant Assets, as more particularly set forth herein.  The proposed allowed claims for Finbar Victims were submitted to AFMLS by the Receiver.  The proposed allowed claims for Non-Finbar Victims were submitted to AFMLS by such victims.  AFMLS has made proposed allowed claims determinations in connection with the distribution of the Defendant Assets, based on the claims that were submitted and other relevant information.  Plaintiff and the Receiver agree with the proposed allowed claims as determined by AFMLS in its Claims Process and seek to have the AFMLS claims determinations made final and binding.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. Forfeiture of Defendant Assets

All of the Defendant Assets in the In Rem Actions shall be forfeited, less a sum not exceeding $125,000 which will be withheld from the defendant assets in the instant case to pay the fees and expenses of the Receiver and its counsel as may be

allowed by the Court in the SEC Action and to the extent that the receivership estate has insufficient assets to pay such fees and expenses otherwise ("Withheld Assets").  (The Defendant Assets less the Withheld Assets are referred to as the "Forfeited Assets."  The Forfeited Assets, less a minor amount of costs attributable to the Claims Process, and the costs to be incurred and liens to be paid in connection with the sale of the Diamond Bar Property, are referred to as the "Net Forfeited Assets.")

    2.   Finbar Victims Allowed Claims

The claims of Finbar Victims shall be allowed in the aggregate amount of $8,787,656.25 as follows:

| | Name | Allowed Claim Amount |
|---|---|---|
| (a) | Juergen Votteler | $2,273,810.47 |
| (b) | Werner Weber | $1,287,880.00 |
| (c) | Mattias Baumeler | $1,000,100.00 |
| (d) | Peter Wuergatsch | $1,100,070.00 |
| (e) | Jeri Tulipan | $762,788.05 |
| (f) | Manfred Trocha | $1,963,355.25 |
| (g) | Meera Anstalt | $399,652.48 |

The claims of Finbar Victims as set forth above shall be referred to as "Finbar Victims Allowed Claims."

    3.   Non-Finbar Victims Allowed Claims

The claims of Non-Finbar Victims shall be allowed in the aggregate amount of $6,351,137.  To protect the privacy rights of the Non-Finbar Victims, the names of the Non-Finbar Victims and itemized amount of each Non-Finbar Victim's claim are not included in this Consent Judgment.  However, the

government has presented to the Receiver the name of each Non-Finbar Victim and the amount of each Non-Finbar Victim's claim by written transmittal made to the Receiver on or about April 1, 2013.  The Receiver has agreed to those claims and the aggregate amount of the claims is as set forth in this paragraph.  The claims of Non-Finbar Victims as set forth in this paragraph shall be referred to as "Non-Finbar Victims Allowed Claims."

    4.   Calculation of Distribution Percentages

The Finbar Victims Allowed Claims and the Non-Finbar Victims Allowed Claims are collectively referred to herein as the "Allowed Claims."  The Allowed Claims shall be used for the purpose of calculating distributions to Finbar Victims and Non-Finbar Victims from the Net Forfeited Assets, as described in this paragraph.  Net Forfeited Assets shall be distributed by the government to the Finbar Victims and the Non-Finbar Victims on a pro rata basis, with each victim's share of the Net Forfeited Assets to be determined by taking such victim's Allowed Claim and dividing it by $15,138,793.36, the aggregate total of all Allowed Claims.  The pro rata share of the Net Forfeited Assets for each Finbar Victim (the "Finbar Victims Distribution Percentages") is as follows:

| | Name | Distribution Percentage |
|---|---|---|
| (a) | Juergen Votteler | .15020 |
| (b) | Werner Weber – | .08507 |
| (c) | Matthias Baumeler – | .06606 |
| (d) | Peter Wuergatsch – | .07267 |
| (e) | Jeri Tulipan – | .05039 |
| (f) | Manfred Trocha – | .12969 |

1      (g)  Meera Anstalt -       .02640

2     Plaintiff and the Receiver understand and agree that the
3 percentages herein, rounded five places, may not reflect the
4 exact percentage on their distribution ultimately made by the
5 government from the Net Forfeited Assets to the Finbar Victims
6 on their Allowed Claims, but that a change from the eventual
7 distribution to the Finbar Victims, if any, shall be de minimis
8 and only as the result of minor rounding variances.

9     5.  No other person or entity shall participate in the
10 distribution of Net Forfeited Assets other than the holders of
11 Finbar Victims Allowed Claims and Non-Finbar Victims Allowed
12 Claims, or their legal successors or assigns.  The Allowed
13 Claims may not be amended or revised in any manner.

14     6.  As soon as practicable after entry of all of the In
15 Rem Judgments, the government shall cause to be marketed and
16 sold the Diamond Bar Property consistent with the government's
17 procedures for the marketing and sale of forfeited real
18 property.

19     7.  As soon as practicable, the Receiver shall bring a
20 motion before the Court in the SEC Action seeking approval of
21 all unpaid fees and expenses incurred by the Receiver and its
22 counsel ("Fee Motion").  After the Court enters an order on the
23 Fee Motion, the Receiver shall provide a written accounting to
24 the government demonstrating the extent to which Withheld Assets
25 must be disbursed to the Receiver to pay any allowed and unpaid
26 fees and expenses.  Any dispute concerning the extent to which
27 the Withheld Assets must be disbursed to the Receiver shall be
28 resolved on motion before the Court in the SEC Action.  The

1  government shall promptly disburse to the Receiver the amount of
2  Withheld Assets needed to pay all allowed and unpaid fees and
3  expenses after receipt of the written accounting from the
4  Receiver or, if necessary, after the Court in the SEC Action
5  resolves any dispute concerning the extent to which the Withheld
6  Assets shall be disbursed to the Receiver.
7       8.   As soon as practicable after the later of the sale of
8  the Diamond Bar Property pursuant to paragraph 6, above, and
9  disbursement of Withheld Assets to the Receiver pursuant to
10 paragraph 7, above, the government shall cause the distribution
11 of the Net Forfeited Assets, including unused Withheld Assets,
12 if any, to the holders of Allowed Claims, including without
13 limitation, to all of the holders of Finbar Victims Allowed
14 Claims in the amount of the Finbar Victims Distribution
15 Percentages.
16      9.   The Court shall retain jurisdiction over this matter to
17 enforce the provisions of this Consent Judgment.

Dated: September 24, 2013  JS-6

*S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

[Signatures of counsel appear on following page]

8

**Approved as to form and content:**

DATED: September 20, 2013     ANDRÉ BIROTTE JR.
                              United States Attorney
                              ROBERT E. DUGDALE
                              Assistant United States Attorney
                              Chief, Criminal Division


                                /s/ Steven R. Welk
                              STEVEN R. WELK
                              Assistant United States Attorney
                              Chief, Asset Forfeiture Section

                              Attorneys for Plaintiff
                              United States of America



DATED: September 20, 2013     MCKENNA LONG & ALDRIDGE LLP

                                /s/ Gary Owen Caris
                              GARY OWEN CARIS
                              LESLEY ANNE HAWES

                              ATTORNEY FOR RECEIVER
                              ROBB EVANS & ASSOCIATES LLC